Last Updated: Jan 2022

FORM 1 (ND/SD MISS. JAN 2022)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

MATTHEW C. MAVAR and                                                                        PLAINTIFFS
JULIE D. MAVAR

v.                                                                CIVIL ACTION
                                                                   NO.  **1:25-cv-197-TBM-RPM**

MISSISSIPPI GREEN OIL, LLC, *et al.*                                                       DEFENDANTS

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**                                    4-5

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**            10-25

    **EXPERT TESTIMONY EXPECTED:** Yes      **NO. OF EXPERTS:**           1-2

    There may be need for experts on the pattern of business constituting a RICO enterprise.

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

    At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

    Additional Information:

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

    The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN 2022)

4. **DISCLOSURE.** (Pick one)

The following additional disclosure is needed and is hereby ordered:

Initial disclosures due by March 27, 2026.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

Staged resolution/bifurcation will assist in the prompt resolution of this action. The Court orders that:

To the extent that pendent state law claims potentially carry the liability for punitive damages, bifurcation of the state law claims carrying punitive damages from the compensatory portion of this trial, shall be had in accordance with Mississippi Code Annotated section 11-1-65 (1972).

Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

A. Interrogatories are limited to __35__ succinct questions.

B. Requests for Production are limited to __35__ succinct questions.

C. Requests for Admissions are limited to __35__ succinct questions.

D. Depositions are limited to the parties, experts, and no more than

__7__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. JAN 2022)

**E.**    The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

The parties certify that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (ESI Guidelines), and confirming that the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**F.**  The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B) (v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☐ 5. Other:

FORM 1 (ND/SD MISS. JAN 2022)

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for __JURY TRIAL__ during a __four-week__ term of court

      beginning on: __May 3, 2027__, at __9:00__, __a.m.__, in __Gulfport__,

      Mississippi, before United States __District__ Judge __Taylor B. McNeel__.

      THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS __4-5__. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: __April 13, 2027__, at __10:00__, __a.m.__,

      in __Gulfport__, Mississippi, before United States __District__

      Judge __Taylor B. McNeel__.

   C. **Discovery.** All discovery must be completed by: __November 16, 2026__.

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

      filed by: __April 23, 2026__.

   E. **Experts.** The parties' experts must be designated by the following dates:

      **1.** Plaintiff(s): __August 3, 2026__.

      **2.** Defendant(s): __September 2, 2026__.

FORM 1 (ND/SD MISS. JAN 2022)

8. **MOTIONS.**  All dispositive motions and *Daubert*-type motions challenging another party's expert

   must be filed by: November 30, 2026          .The deadline for motions *in limine* is twenty-one (21) calendar days prior to the pretrial conference; the deadline for responses is fourteen (14) calendar days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **REPORT REGARDING ADR.**  On or before (7 days before FPTC) April 6, 2027          , the parties

   must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or

   provide sufficient facts to support a finding of just cause for failure to comply.  *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

March 23, 2026          /s/ Robert P. Myers, Jr.
DATE          UNITED STATES MAGISTRATE JUDGE